[Civ. No. 10411.   Third Dist.   Apr. 3, 1962.]

FRANK SMITH, Plaintiff and Respondent, v. CAMPBELL AND FACCIOLLA, INC., Defendant and Appellant.

Eustice & Feeley and W. Gordon Eustice for Defendant and Appellant.

Vernon Patterson for Plaintiff and Respondent.

SCHOTTKY, J.—This is an appeal from an order of the court affirming an arbitration award.

It appears from the record that in July 1959 Frank Smith entered into a contract with Campbell and Facciolla, Inc., a corporation, whereby the latter agreed to construct a residence for Smith at Squaw Valley for $25,480. The house was

completed and thereafter the builder sought payment of the sum of $6,287.84. This amount was disputed and correspondence ensued between the attorneys for the parties. On May 24, 1960, Smith's attorney wrote the builder's attorneys a letter in which a demand was made for arbitration pursuant to the provisions of the contract. On May 27th Smith's attorney wrote a letter to the builder's attorneys in which Smith's arbitrator was named. On the same day the builder filed an action in the Superior Court of San Mateo County to recover the sum of $6,287.84, allegedly due under the contract. On June 3, 1960, a demand for arbitration was made on the builder, and he was notified that Smith had appointed an arbitrator. On June 13th Smith, having been served in the San Mateo action, asked for a change of venue. On July 6, 1960, the motion for a change of venue to Contra Costa County was granted.

On September 27, 1960, Grahn, the arbitrator appointed by Smith, made an award in favor of Smith in the sum of $847.08 without any notice of hearing to Campbell and Facciolla. On October 10, 1960, a petition for confirmation of the award was filed in the Superior Court of Placer County, and the award was confirmed on November 10, 1960, without notice having been given to the builder or its attorneys. On motion this award was set aside, and thereafter the award was confirmed on June 9, 1961. This appeal followed.

■ We have concluded that the order confirming the award must be reversed because the arbitrator did not give appellant notice of any hearing, nor did he give it any opportunity to be heard. Two rules must be kept in mind. First of all, section 1286 of the Code of Civil Procedure, as it read at the time the arbitration was had, impliedly required a hearing. (The section discusses the authority of the arbitrators at the hearing.) Secondly, the rule is that a waiver of a right to a hearing will not be deemed to have been made in the absence of explicit language to that effect. (*Stockwell* v. *Equitable F. & M. Ins. Co.*, 134 Cal.App. 534, 541 [25 P.2d 873].) No such plain language appears here. The reason for these rules is as stated in the early case of *Curtis* v. *Sacramento*, 64 Cal. 102 [28 P. 108], at page 106: "To take away a man's property or his rights in property, without a hearing, trial, or judgment, or opportunity of making known his rights therein, is violative of that section of the bill of rights which declares that 'no person shall be deprived of life, liberty, or property, without due process of law.' An award made *ex*

*parte* and without the appointment of a time and place for hearing the allegations and evidence of the parties is therefore invalid and void; and in an action at law upon such an award the want of notice may be pleaded as a defense at law. 'It is,' says Chancellor Walworth, 'purely a legal question, upon the ground that it was not within the authority of the arbitrators to make any award without notice.' . . .''

Respondent does not contend that any hearing was held or that appellant was given notice of any hearing, but contends that because of the wording of the arbitration agreement the arbitrator had authority to proceed without notice to appellant. He quotes the following clause of the arbitration agreement:

"15. ARBITRATION. As between the parties hereto, all questions as to the rights and obligations arising under the terms of this contract, the plans and the specification are subject to arbitration. In case of dispute either party hereto may make a demand for arbitration by filing such demand in writing with the other. One arbitrator may be agreed upon, otherwise there shall be three, one named by each party within five days after demand is given, and a third chosen by the two appointed. Should either party refuse or neglect to appoint said arbitrator or to furnish the arbitrators with any papers or information demanded, the arbitrator, or arbitrators previously appointed are empowered by both parties to proceed *ex parte*. If there be one arbitrator his decision shall be binding; if there be three, the decision of any two shall be binding. In the event that the parties cannot agree on a single arbitrator, or in the event that two arbitrators chosen by the parties hereto are unable to agree on a third arbitrator, then the parties shall request Builders Control Service of Northern California, Inc. to appoint a third member who shall sit with the other two as a panel of equals and the decision shall be by majority of the three. Such decision shall be a condition precedent to any right of legal action, and wherever permitted by law it may be filed in Court to carry it into effect. . . .'' (Italics ours.)

Respondent relies heavily on the sentence permitting the arbitrator to proceed ex parte where the other refuses or neglects to appoint, or where the parties refuse to furnish the arbitrator any paper or information. However, we do not believe that the quoted language gives the arbitrator the power to proceed with the hearing required by section 1286 of the Code of Civil Procedure without giving notice to the

respective parties. While the phrase ex parte is sometimes used to refer to preliminary appearances in court where one side only is represented, all that the term necessarily means, by dictionary definition (Webster's Third New International Dictionary, Unabridged), is "on or from one side only," and, thus, can here be said to refer to the arbitrator appointed on one side only. We believe that a proper construction of the language used is that where, as here, the builder refused or neglected to appoint an arbitrator, the arbitrator appointed by Smith could then proceed with the hearing. (*Kentucky River Mills* v. *Jackson*, 206 F.2d 111 [47 A.L.R.2d 1331, 1345].) As stated in the cited case, "The parties explicitly contracted for arbitration of any dispute arising out of the contract . . ., and agreed that if one of them failed to appoint an arbitrator within seven days after receiving the other party's nomination of an arbitrator, the one arbitrator nominated might act as sole arbitrator. There was nothing in the terms of the contract that invalidated it. It was not contrary to public policy, for such ex parte arbitrations were permitted under the common law." But, this does not mean that the clause should permit the arbitrator to proceed without holding a hearing.

The appellant also contends that when a party repudiates an arbitration agreement it is incumbent on respondent to seek the aid of a court before arbitration can proceed. The arbitration clause permitted the respondent's arbitrator to proceed. When the contract of arbitration contains an express provision permitting one arbitrator to proceed, there is no reason why the party not in default should be compelled to seek court aid in invoking an arbitration clause.

No other points raised require discussion.

The order and judgment are reversed.

Peek, P. J., and Pierce, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 29, 1962. Peters, J., was of the opinion that the petition should be granted.