[L. A. No. 26900.   In Bank.   Oct. 24, 1962.]

PALMER A. BRINK et al., Plaintiffs and Appellants, v. ALLEGRO BUILDERS, INCORPORATED, Defendant and Respondent.

Palmer A. Brink and Olive H. Brink, in pro. per., for Plaintiffs and Appellants.

Gang, Tyre, Rudin & Brown and Frank G. Wells as Amici Curiae on behalf of Plaintiffs and Appellants.

W. E. Kalbfleisch for Defendant and Respondent.

McCOMB, J.—From an order in favor of defendant, denying plaintiffs' application for the confirmation of an arbitration award, plaintiffs appeal.

*Facts*: Plaintiffs and defendant entered into a written contract in which defendant agreed to build a house on a lot owned by plaintiffs. Clause 26 of the contract reads, in part: "The following specified items are the sole responsibility of the Owner, and all charges or costs incurred shall be paid by the Owner over and above the contract price.

"(a) Grading of lot for level building site, removing all trees, debris, and other obstructions prior to start of construction."

The grading was done by a Mr. Valenzuela. Plaintiffs contend that defendant chose Mr. Valenzuela to do the work and that it was done defectively. They notified defendant that they felt it was responsible, and demanded that it repay them the amount given Mr. Valenzuela and also pay for the damages incurred.

On February 8, 1960, defendant took the initiative and made a written demand for arbitration of plaintiffs' "claims and accusations, either stated or inferred."

Thereafter defendant consulted an attorney, who advised that it had no responsibility under clause 26 of the contract. It then telephoned plaintiffs and sent a letter dated February 11, 1960, rescinding its demand for an arbitrator.

Plaintiffs, in a letter dated February 12, 1960, stated that they had been informed by telephone of defendant's intention to rescind but that since no letter had arrived, "we are appointing our arbitrator to be sure we are covered."

On February 16, 1960, plaintiffs informed defendant that they were proceeding to arbitration unilaterally, as provided by clause 15 of the contract, which reads: "As between the parties hereto, all questions as to the rights and obligations arising under the terms of the contract, the plans and specifications are subject to arbitration. In case of dispute either party hereto may make a demand for arbitration by filing

such demand in writing with the other. One arbitrator may be agreed upon, otherwise there shall be three, one named in writing by each party within five days after demand is given, and a third chosen by the two appointed. Should either party refuse or neglect to appoint said arbitrator or to furnish the arbitrators with any papers or information demanded he or they are empowered by both parties to proceed ex parte. If there be one arbitrator his decision shall be binding; if there be three the decision of any two shall be binding. Such decision shall be a condition precedent to any right of legal action, and wherever permitted by law it may be filed in Court to carry it into effect. . . ."

On February 20, 1960, an ex parte arbitration was held before the arbitrator chosen by plaintiffs. Defendant did not select an arbitrator, but did appear and present evidence at the hearing before plaintiffs' arbitrator, after making it clear that it did not thereby intend to waive its objections that the dispute was not within the arbitration clause. The arbitrator made an award in favor of plaintiffs, who then applied to the superior court for confirmation of the award. Confirmation was denied, and defendant's motion to vacate the award was granted.

Question: *Where parties have agreed that in the event there is a dispute and either party refuses to arbitrate the other may unilaterally proceed to select an arbitrator, must the party seeking arbitration first resort to the superior court for an order enforcing the agreement to arbitrate?*

*No.* Where the parties have agreed that all questions as to rights and obligations under an agreement are subject to arbitration, as in clause 15, *supra,* all disputes pertaining to the meaning, interpretation and application of any clause in the agreement, even those that prima facie appear to be without merit, are the subject of arbitration. (Cf. *Posner* v. *Grunwald-Marx, Inc.,* 56 Cal.2d 169, 184 [14 Cal.Rptr. 297, 363 P.2d 313].)

When a contract contains express provisions permitting one arbitrator to proceed, as in clause 15, *supra,* the party not in default is not compelled to seek court aid in invoking the arbitration clause. (*Smith* v. *Campbell & Facciolla, Inc.,* 202 Cal.App.2d 134, 137 [2] [20 Cal.Rptr. 606] [hearing denied by the Supreme Court]; *Kentucky River Mills* v. *Jackson,* 206 F.2d 111, 119 [7-9] et seq.; 47 A.L.R.2d (1956) 1346-1347.)

At the time the dispute hereunder arose, section 1282 of

the Code of Civil Procedure read in part: "A party aggrieved by the failure, neglect or refusal of another to perform under an agreement in writing providing for arbitration may petition any superior court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement."

The statutory procedure to compel arbitration by court order was designed to afford a remedy where the parties have not provided for the contingency that has arisen or where the contractual scheme has failed. The contract in the instant case provides for the very contingency that has arisen; therefore, it is unnecessary to follow the statutory procedure.

Any statement in *Drake* v. *Stein,* 116 Cal.App.2d 779 [254 P.2d 613], contrary to the rule announced in this decision is disapproved.

The order is reversed.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., White, J., and Tobriner, J., concurred.