[Civ. No. 26921.   Second Dist., Div. One.   Sept. 18, 1963.]

JOHN ULENE, Plaintiff and Appellant, v. LA VIDA SPORTSWEAR COMPANY et al., Defendants and Respondents.

Basil Feinberg for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

WOOD, P. J.—This is an appeal from an order denying a petition to confirm arbitration awards.

■ An employers' association, whose members were engaged in the business of manufacturing garments, entered into a collective bargaining agreement with two unions which represented employees of garment manufacturing companies. A provision of the agreement was that each employer would pay weekly to a board of trustees, for the benefit of the employees, a certain percentage of the employer's total weekly wage payments. Such payments were to be credited to two funds—a retirement fund and a welfare fund. The respondent La Vida Sportswear Company (referred to as defendant) was one of the employer-members of the association, and beginning in 1957 it made payments under such provision of the agreement.

The agreement provided that in the event an employer failed to make such a payment, the board of trustees might consider such failure to be a dispute under the agreement and in such event submit the matter for arbitration to Adolph Zalkus, who was designated in the agreement as the permanent arbitrator.

The agreement expired on December 31, 1961. About two months thereafter, John Ulene, one of the trustees, allegedly acting on behalf of the trustees, and asserting that La Vida had failed to make certain payments on account of the two funds, referred the alleged disputes to the arbitrator, who thereupon gave notice to La Vida that at a certain time an arbitration hearing on said disputes would be held at his office. La Vida did not appear at the hearing. After receiving evidence regarding the alleged failure to make payments, the arbitrator determined that La Vida owed $879.19 on account of the retirement fund, and owed $3,858.32 on account of the welfare fund. Notice of such awards was served on La Vida.

Thereafter, John Ulene, as a trustee, allegedly acting on behalf of the trustees, filed a petition in the superior court for confirmation of the awards. The petition included allegations which were in substance the same as the statements hereinabove made regarding the facts. It was also alleged therein that La Vida was engaged in interstate commerce.

In response to the petition, Josephine Martinez filed a declaration stating, among other things, that she was the sole owner of La Vida; that the disputes did not arise prior to December 31, 1961 (the date of the expiration of the collective bargaining agreement); that a court order requiring arbitration had not been obtained; and that the La Vida company had been sold through an escrow and that creditors,

including the unions, had been notified to present their claims in the escrow. The allegation of the petition regarding interstate commerce was not denied.

At the hearing on the petition, counsel representing La Vida apparently argued to the effect that demand for arbitration must be made prior to expiration of the agreement of which the arbitration provision is a part; and that La Vida is not bound by the arbitration awards because the court did not first make an order for arbitration.

The trial court made an order denying the motion (petition) for confirmation of the awards. In the minute order showing such denial, and immediately after the words therein indicating that ruling, appear the following statements: "(1) Not within period of the Agreement. *Publicists Local 818* v. *National Screen Service Co.*, 183 Cal.App.2d 491 [7 Cal.Rptr. 238] is deemed to govern this court. (2) No prior order to compel arbitration was made by the Court, CCP 1281.2(c). This section is applicable under the contract." No findings of fact were made pursuant to section 1291 of the Code of Civil Procedure.

Appellant (trustee) contends that since interstate commerce was involved herein, the trial court erred in not applying federal law in determining whether the awards, made after expiration of the arbitration agreement, were valid. He argues that under federal law (1) the disputes involved herein could be arbitrated after the expiration of the agreement, (2) that arbitration could be had even though La Vida failed to appear at the arbitration hearing, and (3) it was not necessary to have an order requiring arbitration.

La Vida (respondent) has not filed a brief on appeal.

"In the enforcement of provisions of collective bargaining agreements obligating the parties to arbitrate disputes, state courts exercise concurrent jurisdiction with federal courts. [Citation.] In so doing state courts must, however, in adjudicating an action which could have been brought in the federal courts under section 301 of the Labor Management Relations Act, apply federal law. [Citation.] Since in the instant case the company is engaged in interstate commerce, the parties agree that federal law must necessarily govern." (*O'Malley* v. *Wilshire Oil Co.*, 59 Cal.2d 482, 486 [30 Cal.Rptr. 452, 381 P.2d 188].) As above shown, the allegation of the petition that La Vida was engaged in interstate commerce was not denied. In *Posner* v. *Grunwald-Marx, Inc.*, 56 Cal.2d 169, 175 [14 Cal.Rptr. 297,

363 P.2d 313], the federal rule was referred to, but it was said therein that the "federal rule is not binding on this court in the instant case because petitioner failed to allege that the employer was engaged in interstate commerce."

In *United Steelworkers of America* v. *Enterprise Wheel & Car Corp.*, 363 U.S. 593 [80 S.Ct. 1358, 4 L.Ed.2d 1424], it was held that a dispute was arbitrable after the expiration of an arbitration agreement.

In *General Tire & Rubber Co.* v. *Local No. 512, United Rubber Workers of America etc.* (1961) 191 F.Supp. 911, 914, it was said: "Plaintiff's obligation to arbitrate grievances was not limited to only those which might arise during the life of said agreement. In the absence of such limitation its obligation must be deemed to include the arbitration of claims for vacation pay which were first asserted and rejected after the termination of said collective bargaining agreement."

In *Amalgamated Meat Cutters, etc. No. 385 AFL-CIO* v. *Penobscot Poultry Co.*, 200 F. Supp. 879, 882, it was held that it was not necessary that a court order requiring arbitration be obtained in every case where one party refuses to proceed with an arbitration; and that such a remedy is necessary only in those cases where one party refuses to participate, and the arbitration may not proceed under the provisions of the agreement without a court order.

In *Brink* v. *Allegro Builders, Inc.*, 58 Cal.2d 577, 579 [25 Cal.Rptr. 556, 375 P.2d 436], it was said: "When a contract contains express provisions permitting one arbitrator to proceed, as in clause 15, *supra,* the party not in default is not compelled to seek court aid in invoking the arbitration clause."

Under the circumstances in the present case, applying the federal law, arbitration could be had after the expiration of the agreement. Since the agreement contained express provisions designating the permanent arbitrator and permitting him to proceed, it was not necessary to obtain a court order requiring arbitration. The arbitration hearing could proceed in the absence of a representative of La Vida.

As above stated, respondent has not elected to assist the court by filing a brief. It is not clear upon what legal basis, if any, that Ulene, one of the trustees, purports to act for all the trustees. The agreement states that the board of trustees is empowered to initiate arbitration proceedings. Since respondent has not filed a brief, it will be assumed that

it has waived any objection with respect to showing capacity of Ulene to act for the board.

The order is reversed.

Lillie, J., concurred.