[Civ. No. 34846. Second Dist., Div. Two. Jan. 28, 1971.]

KUSTOM KRAFT HOMES et al., Plaintiffs and Respondents, v. PAULINE LEIVENSTEIN, Defendant and Appellant.

**COUNSEL**

Dale E. Lee, Hecker & Kenealy, Ronald A. Hecker and Leonard R. Sager for Defendant and Appellant.

Henley L. Saltzburg for Plaintiffs and Respondents.

**OPINION**

**COMPTON, J.**—Defendant in a breach of contract action appeals from a judgment rendered against her, which judgment was based upon an arbitration award in the sum of $54,620.

Plaintiffs in their complaint filed April 21, 1967, alleged breach of a 1965 contract for the construction of a motel.

The contract in question contained the following clause.

"16. Any controversy or claim arising out of or relating to this contract, or the breach thereof shall be settled by arbitration in accordance with the Rules of the American Arbitration Association, and judgment upon the award rendered by the Arbitrator(s) may be entered in any Court having jurisdiction thereof."

Defendant demurred to the complaint on the grounds that it failed to allege that the dispute had been submitted to arbitration.

On May 18, 1967, the demurrer was sustained and the action ordered "abated pending arbitration."

Subsequently, on August 2, 1967, plaintiffs submitted a Demand for Arbitration to the American Arbitration Association in accordance with the rules of that association.

Thereafter, when defendant served notice of deposition, plaintiffs sought and obtained a protective order under the provisions of section 1281.4 of the Code of Civil Procedure, preventing defendant from conducting any deposition proceedings and an order staying all further proceedings in the action.

The American Arbitration Association after full and complete notice to defendant, conducted arbitration proceedings and on December 28, 1967 rendered its award.

Defendant at all times refused to appear or participate in the arbitration.

The trial court granted plaintiffs' petition for confirmation of the Arbitration Award and entered judgment thereon. Findings of fact and conclusions of law were prepared and signed. This appeal ensued.

Judgment was in favor of Kustom Kraft Homes, Inc. Plaintiffs had previously advised the arbitrators that plaintiff Charles F. King and Chuck King Builders were merely agents of the corporate plaintiff. The trial court found that the parties to the contract were Kustom Kraft Homes, a corporation and defendant.

The original contract identified the parties as Kustom Kraft Homes (no corporate status indicated) and defendant. The signatures thereto were those of defendant and Charles King (no special capacity or position was indicated). The contract also contained the State Contractors License number of Kustom Kraft Homes. A supplemental agreement between the parties executed in August of 1966 described Kustom Kraft Homes as a corporation and was signed by Charles King, President.

Defendant, in attacking the Arbitration Award and the judgment essentially makes two contentions.

(1) That Kustom Kraft Homes a corporation was not a party to the original contract and thus had no standing in the arbitration proceedings. Stated another way, defendant contends that the arbitration was a nullity absent a determination by the court as to who were the proper parties to the arbitration;

(2) That there was no order compelling arbitration as required by section 1281.2 of the Code of Civil Procedure.

### PARTIES TO THE ARBITRATION

In *Unimart* v. *Superior Court,* 1 Cal.App.3d 1039, 1045 [82 Cal.Rptr. 249], this court held that "an arbitrator has no power to determine the rights and obligations of one who is not a party to the arbitration agreement or arbitration proceedings. Whether or not the arbitration provisions are operative *against* a party . . . involves a question of 'substantive arbitrability' which is to be determined *by the court.*" (Italics added.)

In *Unimart* we were dealing with a corporate entity who offered evidence that it was not a signatory to the arbitration agreement and who was unwilling to submit to arbitration. Here we deal with a corporate entity who claims to be a signatory to the arbitration agreement, who claims rights in the contract and who is willing to submit to the arbitration.

Code of Civil Procedure section 1280 provides, "(e) 'Party to the arbitration' means a party to the arbitration agreement: (1) Who *seeks* to arbitrate a controversy pursuant to the agreement; (2) . . . (3) Who is made a party to such arbitration by order of the neutral arbitrator *upon such party's application, . . .* or *upon the neutral arbitrator's own determination.*" (Italics added.)

In *Unimart,* at page 1049, we had occasion to construe Code of Civil Procedure section 1280. We stated there that ". . . section 1280, subdivision (e) (3) does not give the arbitrator . . . the power to join a stranger." We concluded, however, that this interpretation did not prohibit *voluntary* joinder.

 Of course, defendant cannot here contend that *she* was not a party to the arbitration. Her contention that Kustom Kraft Homes, Inc. was not a party to the arbitration is without merit. By its *application seeking* to arbitrate and its admission that it was a party to the agreement, Kustom Kraft Homes, Inc. became a party to the arbitration.

The merits of any claim that Kustom Kraft Homes, Inc. may have had under the contract was a matter for the arbitrators.

 Where the existence of an arbitration contract is admitted or found, it is for the arbitrator and not the courts to resolve any doubts as to its meaning or extent. (*Berman* v. *Renart Sportswear Corp.,* 222 Cal.App.2d 385, 388 [35 Cal.Rptr. 218].)

 Furthermore, defendant having caused the abatement of plaintiffs'

complaint on the basis that the contract required arbitration is now estopped to deny plaintiffs' standing in the arbitration proceedings.

It is significant to note that defendant failed to raise the issue of proper parties by way of demurrer. (Code Civ. Proc., § 430; *Klopstock* v. *Superior Court,* 17 Cal.2d 13 [108 P.2d 906, 135 A.L.R. 318].) As a matter of fact defendant's counsel wrote a letter to the arbitrator on August 18, 1967, concerning the arbitrator's fees. He concluded the letter as follows: "When you advise me that you have received the necessary fees due on their sworn statement, we will then discuss *finding dates for arbitration."* (Italics added.)

We note in passing that defendant's counsel has throughout these proceedings strenuously objected to the amount of administration fees which the American Arbitration Association required plaintiffs to post. That was a matter between plaintiffs and the association and we fail to see its significance here.

## ORDER OF ARBITRATION

■ Code of Civil Procedure section 1281.2[1] provides a procedure for compelling arbitration against a party who refuses to arbitrate. It is remedial in nature and its invocation is not an indispensable condition to valid arbitration proceedings.

■ An order under Code of Civil Procedure section 1281.2 is not essential to the jurisdiction of a court to entertain a proceeding to confirm the award or to enter judgment thereon. (*Crofoot* v. *Blair Holdings Corp.,* 119 Cal.App.2d 156, 182 [260 P.2d 156].)

■ An arbitration agreement may be self-executing and its provisions may obviate the need to resort to statutory procedure. (*Brink* v. *Allegro Builders, Inc.,* 58 Cal.2d 577 [25 Cal.Rptr. 556, 375 P.2d 436].)

---

[1]Section 1281.2 "On the petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that: (a) The right to compel arbitration has been waived by the petitioner; or (b) Grounds exist for the revocation of the agreement.

"If the court determines that a written agreement to arbitrate a controversy exists, an order to arbitrate such controversy may not be refused on the ground that the petitioner's contentions lack substantive merit.

"If the court determines that there are other issues between the petitioner and the respondent which are not subject to arbitration and which are the subject of a pending action or special proceeding between the petitioner and the respondent and that a determination of such issues may make the arbitration unnecessary, the court may delay its order to arbitrate until the determination of such other issues or until such earlier time as the court specifies."

■ The arbitration clause in the initial contract, while not as detailed as that in *Brink, supra,* did import into the contract the entire scheme for arbitration as established by the rules of the American Arbitration Association. When those rules are read into the contract it then appears to us to be comprehensive enough to be self-executing.

■ In any event the proceedings in the superior court were adequate to confer jurisdiction on the arbitrator and subsequently on the court in confirming the award.

Defendant's position in seeking arbitration by the interposition of a demurrer and then challenging the validity of the award because of *plaintiffs'* failure to proceed under section 1281.2 of the Code of Civil Procedure, is novel, to say the least.

■ In analyzing the proceedings in the superior court it is clear that a request to arbitrate may not be raised by a demurrer. (*Gear* v. *Webster,* 258 Cal.App.2d 57 [65 Cal.Rptr. 255].) The issue is properly reached by a plea in abatement in the answer that the action was prematurely brought.

■ The superior court in ruling on the demurrer in this case did not simply sustain it, but ordered the "action abated pending arbitration." The protective order issued on October 10, 1967, which stayed all further proceedings, was based on Code of Civil Procedure section 1281.4.[2] That latter section provides that such an order shall issue "If a court of competent jurisdiction, . . . *has* ordered arbitration." (Italics added.)

It thus appears that the court below treated defendant's misplaced demurrer as a request for arbitration and the court's ruling thereon, in effect, as an order therefor. We agree.

The trial court in its findings of fact characterized the protective order of October 10, 1967 as an order compelling arbitration. Thus, the findings of fact require correction. Pursuant to Code of Civil Procedure section 909 the findings are corrected as follows:

"4. The Court finds that on April 18, 1967, the Demurrer of defendant Pauline Leivenstein was sustained, and this action was ordered abated, pending the arbitration which was requested by defendant Pauline Leivenstein. [Said arbitration was ordered by the court.]"

"7. The Court finds that on September 7, 1967, petitioner herein filed a Notice of Motion for Protective Order 'and Compelling Arbitration of the Dispute Herein.' The Court finds that on October 10, 1967, the Court herein

---

[2]This order was modified *nunc pro tunc* on January 6, 1969, at request of defendant to indicate that the court did not intend the protective order and stay to be, itself, an order compelling arbitration.

granted the plaintiffs' Motion for Protective Order ~~and Compelling Arbitration of the Dispute herein~~. That on October 12, 1967, plaintiff gave Notice of Ruling of the October 10, 1967, Ruling of the Court herein 'staying further proceedings in the Court action ~~and compelling Arbitration of the Dispute herein~~.' "

Based upon findings as corrected by this court, the judgment is affirmed.

Roth, P.J., and Herndon, J., concurred.

A petition for a rehearing was denied February 24, 1971, and appellant's petition for a hearing by the Supreme Court was denied March 26, 1971.