[Civ. No. 55410. Second Dist., Div. Four. July 24, 1979.]

CBCO, INC., Plaintiff and Appellant, v.
GRANI INSTALLATION, INC., Defendant and Appellant.

**COUNSEL**

James R. Ballew for Plaintiff and Appellant.

Gary G. Pond for Defendant and Appellant.

**OPINION**

**KINGSLEY, Acting P. J.**—We are presented with two appeals from two contradictory orders in an arbitration matter. We reverse the orders.

CBCO, Inc., as general contractor, entered into a contract with Grani Installations, Inc., to perform work on buildings being constructed for State Farm Mutual. The contract contained an arbitration clause;[1] State

---

[1] "Arbitration: Any controversy arising out of the construction of the structure referred to in this subcontract or regarding interpretation of this subcontract or any subcontract is subject to arbitration. The owner, the contractor and all sub-contractors, sub-subcontractors, material suppliers, and other parties concerned with the construction of the structure are bound, each to the other, by this arbitration clause, provided such party has signed this contract or has signed a contract which incorporates this contract by reference, or signs any other agreement to be bound by this arbitration clause.

"Arbitration shall be held in accordance with the arbitration provision contained in the contract between the owner and the prime contractor, if there is any such arbitration provision. Upon the demand of the arbitrator or any party to an arbitration initiated under the arbitration provisions of the contract between the owner and the contractor, subcontractor and all parties bound by this arbitration provision agree to join in and become parties to and be bound by such arbitration proceedings.

"If there is no arbitration provision in the contract between the owner and the contractor, then arbitration shall be had in accordance with the Construction Industry Rules of the American Arbitration Association which are in effect at the time of the arbitration.

"Should any party refuse or neglect to appear or to participate in arbitration proceedings the arbitrators are empowered to decide the controversy in accordance with whatever evidence is presented by the party or parties who do participate. The arbitrators are authorized to award any party or parties such sums as they shall deem proper for the time, expense and trouble of arbitration, including arbitration fees and attorney fees."

Mutual was not a party to that contract. A disagreement arose between the parties and Grani filed an action in municipal court against CBCO and State Mutual, for breach of contract. CBCO moved in municipal court for an order staying the action and directing arbitration. That motion was denied for lack of jurisdiction, but proceedings were stayed to permit CBCO to apply for such relief in superior court. Such a petition was filed resulting, after hearing, in an order denying arbitration. CBCO has appealed from that order. (Code Civ. Proc., § 1294.)

Thereafter, at the insistencies of CBCO, an arbitration was held, over the objection of Grani and without appearance by it, resulting in an award in favor of CBCO. Grani then moved for an order vacating the award on the ground that, because of the order denying arbitration, the arbitrators had no jurisdiction to act. That petition was denied and Grani has appealed.

I

We conclude that the first order was in error. Admittedly there was a contract between CBCO and Grani providing for arbitration which CBCO has properly invoked. Apparently the theory of the denial order, as the trial court explained it in the second order, was that the presence of State Farm in the municipal court action prevented enforcement of that agreement. We reject that theory. State Farm was, and is, liable only if CBCO is indebted to Grani for work on the State Farm building. CBCO and Grani were free to settle between themselves Grani's liability under the construction contract. If such settlement, whether by negotiation, litigation or arbitration, resulted in liability on CBCO, State Farm will be liable, if at all, only because its building may be subject to a mechanic's lien for work for which CBCO does not pay. If State Farm requires protection while the CBCO-Grani dispute is settled, the trial court's action (as CBCO had requested) was to stay the municipal court action. The order denying arbitration must be, and is, reversed.

II

It is true, as CBCO argues, that under an arbitration provision such as the one herein involved, a party to that contract may proceed to demand and receive arbitration without the necessity of securing an order under section 1282.2 of the Code of Civil Procedure. (*Brink* v. *Allegro Builders, Inc.* (1962) 58 Cal.2d 577 [25 Cal.Rptr. 556, 375 P.2d 436].) However, a party faced with alternative remedies is bound by the one he

chooses. When CBCO elected to seek a court order under section 1282.2, it waived its right to proceed with arbitration on the theory that the arbitration clause was self-operating. Having litigated the issue of arbitrability and lost, its sole remaining remedy—which it utilized—was to appeal from the order of denial, and await this court's disposition of that appeal.

It follows that Grani was correct that CBCO and the arbitrators were without jurisdiction to proceed with a unilateral arbitration until CBCO's appeal was determined.

### III

The result is that Grani has been held liable under an award given in a proceeding in which it was not required to participate and in which its position as to liability has never been heard; Grani is entitled to a new arbitration in which the rights of CBCO and Grani can be fully heard and determined.

The orders appealed from are reversed with directions to enter a new order directing arbitration and staying the municipal court action.

Jefferson (Bernard), J., and Alarcon, J., concurred.

On August 14, 1979, the judgment was modified to read as printed above.