**Decided June 11, 1985**

IN THE DISTRICT COURT FOR THE
NORTHERN MARIANA ISLANDS

APPELLATE DIVISION

THOMAS J. DAVIS, INC.      )   D.C. APPELLATE NO. 83-9017
)
    Plaintiff/Appellee,     )   TRIAL COURT CIVIL ACTION NO.
)   81-178
)
)
                v.               )
)
MICRONESIAN HOTEL CORPORATION,   )          OPINION
)
      Defendant/Appellant.   )
_____)

**FILED**
Clerk
District Court

**JUN 11 1985**

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Attorney for Appellant:   Thomas C. Sterling
                          Klemm, Blair & Barusch
                          1008 Pacific Daily News Building
                          238 O'Hara Street
                          Agana, Guam 96910

Attorney for Appellee:   Douglas F. Cushnie
                          P. O. Box 949
                          Saipan, CM 96950

BEFORE:   LAURETA and SCHNACKE, District Judges and SOLL,
           Designated Judge*

PER CURIAM:

      Defendant/Appellant Micronsian Hotel Corporation (MHC) appeals from the entry of summary judgment in favor of Plaintiff/ Appellee Thomas J. Davis, Inc. (Davis) which confirmed an arbitration award favorable to Davis. For the reasons stated herein, we affirm.

_____

*Associate Judge Herbert D. Soll of the Commonwealth Trial Court, sitting pursuant to 48 U.S.C. § 1694b.

199

The material facts giving rise to this appeal are not in dispute. On May 15, 1979, MHC as owner, and Davis, as architect, entered into a written agreement requiring Davis to design condominium units to be added as an extension to the existing Royal Taga Hotel in Susupe, Saipan, CNMI. The contract utilized was the Standard American Institute of Architects form which included an arbitration provision at Article 11. That provision provided that any disputes arising out of the contract would be decided "by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association (AAA) then obtaining unless the parties mutually agree otherwise." Article 11 of the contract contained the following language which is critical to the issues presented in this appeal:

> "This Agreement to arbitrate and any agree-
> ment to arbitrate with an additional party or
> parties duly consented to by the parties
> hereto shall be specifically enforceable
> under the prevailing arbitration law."

At all times herein relevant, Guam law included the Guam Arbitration Act codified at Guam Code of Civil Procedure §§2110 et. seq. The Guam Arbitration Act includes a provision for obtaining an order to compel arbitration in situations where one party to an arbitration agreement refuses to participate.

///
///
///
///

AO 72
(Rev.8/82)

Guam Code of Civil Procedure § 2112.[1/] The Guam Arbitration Act also provides that jurisdiction to confirm an award into a judgment may be made with the Superior Court of Guam unless the parties otherwise agree. Guam Code of Civil Procedure § 2116.[2/]

As a result of a dispute between Davis and MHC with respect to services and payments for those services under the contract, a demand for arbitration was filed by Davis with the AAA. By letter dated December 22, 1981, the American Arbitration Association accepted arbitration and so notified both Davis and MHC. At various times from December 22, 1981, through the final arbitration award on March 28,1983 both Davis and MHC were kept apprised of the actions of the AAA with respect to selection of an arbitrator, place of arbitration and jurisdictional objec-

---

[1/] Guam Code Civ.Proc. § 2112 provides in pertinent part:

A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition the court in Guam having jurisdiction, for an order directing that such arbitration proceed in the manner provided in such agreement... .

[2/] Guam Code Civ.proc. § 2116 provides in pertinent part:

If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one (1) year after the award is made, any party to the arbitration may apply to the court so specified for an order confirming the award . . . . If no court is specified in the agreement of the parties, then such application may be made to the [Superior] Court of Guam.

AO 72
(Rev.8/82)

tions. MHC refused to attend the arbitration hearing which proceeded in its absence. On March 17, 1983 an "award of arbitrator" was executed awarding Davis $110,220.63 on its claim together with all administrative fees and expenses of the AAA and all fees, costs and expenses of the arbitrator.

Prior to the arbitration Davis did not file any action to compel arbitration pursuant to Section 2112, Guam Code of Civil Procedure, nor did MHC file any action enjoining the arbitration proceedings.

On May 19, 1983, Davis brought the instant action in the Commonwealth Trial Court requesting judicial confirmation of the arbitration award. MHC answered and asserted two affirmative defenses arguing essentially that a judicial order compelling arbitration was a jurisdictional prerequisite to the maintenance of the arbitration where one party was absent.

The trial court granted summary judgment in favor of Davis. In rejecting MHC's arguments regarding the failure of Davis to seek an order compelling arbitration, the trial judge noted that the language of § 2116 of the Guam Code of Civil Procedure was merely permissive allowing the preliminary issuance of such an order but not requiring it. The decision did not address the issue of the trial court's subject matter jurisdiction which was raised only at the hearing of the motions.

MHC appeals from this judgment, arguing that: (a) the arbitrator had no jurisdiction to enter the award absent an order from the Superior Court of Guam compelling arbitration; (b) the

202

Commonwealth Trial Court lacks subject-matter jurisdiction to confirm the arbitrator's award.

The first issue to be resolved is whether the arbitration agreement was self-executing such that the arbitrator could proceed: (a) in the absence of MHC; and (b) without first obtaining a court order compelling arbitration.

Rule 29 of the AAA rules, which were incorporated by reference into the American Institute of Architects standard form contract, provides for an arbitration proceeding in the absence of a party. Thus, the arbitrator was not acting in excess of his powers when proceeding to arbitration in MHC's absence. Mitchum, Jones & Templeton, Inc. v. Chronis, 72 Cal.App.3d 596, 601-602, 140 Cal.Rptr. 160, 163 (1977).

Appellant argues that, because of the provision for specific enforcement of the agreement to arbitrate in Article 11, Davis was obligated to obtain a court order before proceeding to arbitration. The law is to the contrary. Where the contract of arbitration makes it clear that the arbitrator can proceed where one party neglects or refuses to participate, one need not apply to a court for an order to compel prior to commencement of arbitration. See N.A.M.E.S. v. Singer, 90 Cal.App.3d 653, 657, 153 Cal.Rptr. 472, 473-474 (1979); Kustom Kraft Homes v. Leivenstein, 14 Cal.App.3d 805, 810 92 Cal.Rptr. 650, 654 (1971); Smit. v. Campbell & Facciolla, Inc., 202 Cal.App.2d 134, 137, 20 Cal.Rptr. 606, 608 (1962).

Further, Guam Code Civ.Proc. § 2112 provides that a

AO 72
(Rev.8/82)

203

party "may" petition a court in Guam to compel arbitration where the other party neglects or refuses to submit to arbitration. This permissive language does not impose an obligation on the aggrieved party to invoke § 2112. Thus, while the language of Article 11 certainly would allow resort to a court to compel arbitration in the event of one party's unwillingness, it cannot be interpreted as mandatory in every instance merely because it is available.

■ Similarly, Guam Code Civ.Proc. § 2112 provides that where no court is specified in the agreement of the parties, application for an order confirming an arbitration award may be made to Superior Court of Guam. This language, like that of the federal arbitration statute, is permissive and not exclusive. See 9 U.S.C. § 9. Thus, the application for confirmation may be made to another court with subject-matter jurisdiction.[3/] Since January 10, 1983, and at the time this action was commenced, the Commonwealth Trial Court has had original jurisdiction over all civil and criminal matters arising under the laws of the Commonwealth.[4/] The enactment of this latter

_____

[3/] Article 11.3 of the contract provides:

> The award rendered by the arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

[4/] 1 CMC § 3102(b):

> Effective January 10, 1983, the Commonwealth Trial Court shall have the original jurisdiction over all civil and criminal matters arising under the laws of the Commonwealth of the Northern Mariana Islands.

AO 72
(Rev.8/82)

provision made the Commonwealth Trial Court the court of general jurisdiction in the Northern Mariana Islands. The issue becomes whether the trial court had subject matter jurisdiction to confirm the arbitration award. This question is readily answered in the affirmative.

The principles of arbitration existed at common law and were enforceable by courts exercising common law jurisdiction. See Hart v. State Farm Mutual Automobile Insurance Co., 431 A.2d 283, 285 n.5 (Penn. 1981); Robinson v. Navajo Freight Lines, Inc., 70 N.M. 215, 372 P.2d 801, 807 (N.M. 1962); Finez v. Pickrell, 81 Ariz. 313, 305 P.2d 455, 458 (Ariz. 1956); Chillum-Adelphi Volunteer Fire Dept., Inc. v. Button & Geede, Inc., 219 A.2d 801, 805 (Md. 1963). A final arbitration award gives rise to a cause of action sounding in contract. An action to confirm an award is in essence an action for specific performance of a contract. Chillum-Adelphi Volunteer Fire Dept., Inc., supra, at 805; Stermer v. Modiano Construction Co., Inc., 44 Cal.App.3d 264, 272, 118 Cal.Rptr. 309, 315 (Cal.App. 1975). The designation by the contracting parties of the law governing the contract does not prevent confirmation by the courts of a jurisdiction other than that specified; these courts will simply apply the laws of the designated jurisdiction. Foley Co. v. Grindsted Products, Inc., 233 Kan. 339, 662 P.2d 1254, 1257 (Kan. 1983). Nor does the fact that the award was executed in another jurisdiction deprive the forum court of subject-matter jurisdiction. Id. at 1263-1264. Accordingly, the trial court

AO 72
(Rev.8/82)

had common law jurisdiction to confirm the arbitration award in this case.

The arbitration agreement is self-executing, the arbitrator's award was proper in this case, and the Commonwealth Trial Court has jurisdiction over this matter.

Summary judgment confirming the arbitration award was proper.

AFFIRMED.

_____
ALFRED LAURETA
District Judge

_____
ROBERT H. SCHNACKE
District Judge

_____
HERBERT D. SOLL
Designated Judge