[Civ. No. 30070. First Dist., Div. Three. Feb. 7, 1973.]

NORTHCUTT LUMBER CO., Plaintiff, Cross-defendant and Respondent, v.
GOLDEEN'S PENINSULA, INC., Defendant, Cross-complainant and Appellant.

## COUNSEL

Lillick, McHose, Wheat, Adams & Charles, Robert R. Vayssie, Anthony P. David and E. Day Carman for Defendant, Cross-complainant and Appellant.

Smith, Shara & De Vries, Smith, Shara & Arnold and Quentin H. Smith for Plaintiff, Cross-defendant and Respondent.

## OPINION

**BROWN (H. C.), J.**—This is an action involving a rental dispute on a lease of premises for the purpose of conducting a retail furniture store. The lease provided for a minimum monthly rental payment or a percentage of the gross sales, whichever was the higher. The lessor, Northcutt Lumber Company, that instituted the lawsuit, was awarded judgment for an additional sum under the percentage rental payment provisions of the lease on the basis of the lessee, Goldeen's Peninsula, Inc.'s, failure to include in the percentage of gross sales the sales lessor attributed to an area of the premises acquired after the execution of the original lease.

The appellant-lessee (hereinafter referred to as Goldeen's) contends the trial court erred in failing to sustain a demurrer to lessor's complaint on the ground that the dispute should have been referred to arbitrators under the arbitration provision of the lease.

Before consideration of Goldeen's other contentions relative to the merits of the dispute, it is necessary to determine whether the arbitration clause of the lease is applicable here. ■ Error in refusing to direct that the matter be referred to arbitration may be raised on appeal from the judgment. In *Sjoberg* v. *Hastorf,* 33 Cal.2d 116, at page 119 [199 P.2d 668], the court said: "If appellants have a right to arbitration they may assert it on the appeal from the final judgment in the contract action. Thus no greater hardship will result than in any case where a party is forced to stand trial because of an erroneous ruling of the trial court."

The lease contains the following provisions: "TWENTY-THIRD: *Arbitration.* The parties hereto agree that all disputes and uncertainties concerning this lease shall be settled by a board of arbitrators, one to be selected by each of the parties hereto within ten (10) days after written request of either party, and if they cannot agree within thirty (30) days after their appointment they shall select a third disinterested arbitrator. The three (3) arbitrators so chosen shall forthwith meet and settle such dispute within thirty (30) days after their appointment. The decision of a majority of said

board, or the decision of the two first chosen, in the event they can agree shall, when rendered in writing and signed by them be and become the decision of the board of arbitrators, and when served upon the parties hereto be conclusive upon them. The cost of such arbitration shall be borne equally by the parties hereto." The twenty-third clause of the lease applies to "all disputes and uncertainties concerning this lease."

■ In *Charles J. Rounds Co.* v. *Joint Council of Teamsters No. 42,* 4 Cal.3d 888 [95 Cal.Rptr. 53, 484 P.2d 1397], the court, quoting from *Butchers' Union Local 229* v. *Cudahy Packing Co.,* 66 Cal.2d at page 931 [59 Cal.Rptr. 713, 428 P.2d 849], said at page 892: "In the *Cudahy Packing Co.* case, we stated that 'the function of a court in deciding whether a dispute is subject to arbitration "is confined to ascertaining whether the party seeking arbitration *is making a claim which on its face is governed by the contract."* (Italics added.) (*United Steelworkers of America* v. *American Mfg. Co.* (1960) 363 U.S. 564, 568 [4 L.Ed.2d 1403, 1407, 80 S.Ct. 1343].) "An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. *Doubts should be resolved in favor of coverage."* (Italics added.) (*United Steelworkers of America* v. *Warrior & Gulf Nav. Co., supra,* 363 U.S. 574, 582 [4 L.Ed.2d 1409, at p. 1417, 80 S.Ct. 1347].)' . . ." ■ Applying these rules to the arbitration clause before us compels the ineluctable conclusion that the expressed intention of the parties in drafting the lease was to settle by arbitration the issues now presented.

In respondent's complaint it is claimed that *the lease provided* for a percentage of the gross sales as rent (Pars. VIII and IX) and that the appellant-lessee diverted business from the demised premises *contrary to the provisions of the lease* and the amount of the percentage rental due under the lease should be determined by an accounting and that *the lease* (Par. XVI) *provides for "attorney's fee in an action* brought to enforce payment of rent due . . . *in said lease."* (Italics added.) *The complaint in this action incorporates, as an exhibit, the lease itself.*

The answer to the complaint denies the claim that appellant is entitled to a higher percentage of rent *under the terms of the lease* or that any business was diverted causing a diminution of gross profits *within the meaning* of that clause *in the lease.* It is also clear that the evidence produced at the trial related to whether Goldeen's conduct in obtaining additional floor space was a diversion of business constituting a breach of the lease; also, whether its conduct amounted to a breach of the *good faith provision in the lease.* Other evidence produced by Goldeen's tended to show its *interpreta-*

*tion* of the *percentage provision of the lease* and its effort to comply with the *good faith provisions*.

It is thus clear that the issues raised by the complaint and answer to the complaint, consistent with the evidence adduced at the trial, are issues which the parties intended to be decided by arbitration as provided in that clause in the lease.

Goldeen's raised the issue that the arbitration provision of the lease applied by way of general demurrer and, at the time of hearing of the demurrer, argued this contention. The demurrer was overruled and Goldeen's filed its answer and cross-complaint. The case thereafter proceeded to trial. Northcutt on this appeal does not discuss the merits of the contention that the dispute was one covered by the arbitration clause but argues that Goldeen's method of raising the issue constituted a waiver.

If, despite the presence of a valid arbitration clause, a party initially resorts to the courts, the question of arbitration may be raised in one of two ways. Code of Civil Procedure section 1281.2 provides a procedure for compelling arbitration.* The question of arbitration may also be raised as an affirmative defense in the answer by a plea in abatement alleging that the action was prematurely brought. (*Ross* v. *Blanchard,* 251 Cal.App.2d 739, 742 [59 Cal.Rptr. 783].) We also note some authorities hold that a request to arbitrate may not be raised by a demurrer. (*Gear* v. *Webster,* 258 Cal.App.2d 57, 59 [65 Cal.Rptr. 255]; *Kustom Kraft Homes* v. *Leivenstein,* 14 Cal.App.3d 805, 811 [92 Cal.Rptr. 650]; but see *Charles J. Rounds Co.* v. *Joint Council of Teamsters No. 42, supra,* 4 Cal.3d 888, at p. 899.)

We note that *Gear* v. *Webster, supra,* cites no authority for its holding that the failure to arbitrate may not be attacked by demurrer. *Kustom Kraft Homes* v. *Leivenstein, supra,* cites only *Gear* v. *Webster* for its statement as to that ruling. In *Kustom Kraft Homes,* moreover, the reviewing court decided that the court below had treated defendant's misplaced demurrer as a request for arbitration and its action sustaining the demurrer was, in effect,

---

*Code of Civil Procedure section 1281.2 provides in part as follows: "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that:
  (a) The right to compel arbitration has been waived by the petitioner; or
  (b) Grounds exist for the revocation of the agreement.
If the court determines that a written agreement to arbitrate a controversy exists, an order to arbitrate such controversy may not be refused on the ground that the petitioner's contentions lack substantive merit."

an order for arbitration. The court further noted that the defendant, having caused the abatement of plaintiff's complaint on the basis that it required arbitration, was estopped to deny plaintiff's standing in the arbitration proceedings.

The court in the instant case held a hearing on the demurrer. There is no indication that the court was informed that the issue could not be raised by demurrer. The judge who heard the demurrer apparently treated it as a request for arbitration and it is concluded that no reason appears not to so treat it on appeal. While it is clear that a party may waive his right to arbitration by allowing the action to go to judgment without objection (*Landreth* v. *South Coast Rock Co.,* 136 Cal.App. 457, 461-462 [29 P.2d 225]), it would hardly be equitable to hold that the matter had never been raised when the defendant objected, albeit by the wrong procedure, and the court proceeded to hear the argument as if it had been properly raised.

The judgment of the trial court is therefore reversed. The matter is remanded to the trial court with instructions to abate the proceedings until the matter is arbitrated.

In remanding this dispute to arbitration, we are aware that the trial court decided the merits of the complaint in favor of the Northcutt Lumber Company. That decision is on the same issues as now will be presented to the arbitrators and might influence their determination of those issues. Goldeen's on this appeal contested the decision of the trial court, both on the merits and as to the damages awarded. We have not voiced our views on these matters as they fall within the jurisdiction of the arbitrators. Therefore, we direct the attention of the arbitrators to the fact that the trial court's decision is not to be considered as establishing guidelines for them. The arbitrators are to decide the issue independent of that decision, and on the basis of their interpretation of the evidence to be presented to them.

The judgment is reversed and the matter remanded.

Draper, P. J., and Caldecott, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied April 4, 1973.