Frederick Ryan HAYES, Plaintiff,

v.

NATIONAL FOOTBALL LEAGUE, an Unincorporated Association, et al., Defendants.

No. CV 76–3911–AAH(SX).

United States District Court, C. D. California.

April 25, 1979.

See also, D.C., 369 F.Supp. 247.

Leonard Schaeffer, Philadelphia, Pa., for plaintiff.

Jeffrey I. Weinberger, Los Angeles, Cal., for defendants Los Angeles Rams and Carroll Rosenbloom.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, District Judge.

This cause came on for hearing on the motion of Defendants Los Angeles Rams Football Company ("Rams"), Carroll Rosenbloom, Chuck Knox, Don Klosterman, Jack Teele and Norm Pollom (collectively referred to as "Rams") for an order granting summary judgment with respect to Court II of the Complaint, pursuant to Rule 56(d) of the *Federal Rules of Civil Procedure.* The Court, having fully examined and considered said motion, all contentions of the parties pertaining thereto, and all affidavits, memoranda and authorities cited therein, makes the following findings of fact and conclusions of law concerning said Count:

## FINDINGS OF FACT

1. Plaintiff, Frederick Ryan Hayes, was selected by the Rams as the 24th selection in the eleventh round of the 1974 NFL Player Selection Draft in January, 1974.

2. On June 4, 1974, Plaintiff executed a contract or contracts setting forth the terms and conditions of his employment with the Rams. True copies of those documents are attached to Defendant Rams' motion for summary judgment as Exhibits A and B.

3. Each of the documents executed by Plaintiff on June 4, 1974 referred to in Paragraph 2 above contains, in Paragraph 14, a clause granting Plaintiff the right to compensation if injured while playing for the Rams, and sets forth grievance procedures to resolve disputes as to whether or not Plaintiff was injured at the time of his release by the Rams. The claim set forth in Count II of the Complaint herein is a dispute within the scope of said grievance procedures.

4. The 1970 Collective Bargaining Agreement between the National Football League ("NFL") and the National Football League Players' Association ("NFLPA") contains, in Sections 5 and 6 of Article XI thereof, grievance procedures for the resolution of disputes as to whether or not a player was injured at the time of his release by a member team. The claim set forth in Count II of the Complaint herein is a dispute within the scope of said grievance procedures.

5. On or about August 18, 1974, Plaintiff was notified by the Rams that he had not demonstrated sufficient ability to make the team, that he was being released and that his contract with the Rams would be terminated.

6. On August 19, 1974, Plaintiff was given a release physical examination by Dr. Steven Lombardo, who found that the player was not suffering from any injuries incurred in the course of his employment with the Rams which would prevent him from playing professional football.

7. On August 20, 1974, Plaintiff visited Dr. Edwin Clark for an examination. No report was received by the Rams as a result of Plaintiff's visit to Dr. Clark until over two years later, on September 9, 1976.

8. Plaintiff never filed a grievance pursuant to Paragraph 14 of his contract or contracts with the Rams seeking the appointment of a neutral physician to resolve the conflicting opinions, if any, of Drs. Lombardo and Clark.

9. Plaintiff never filed a grievance pursuant to Article XI of the NFL–NFLPA Collective Bargaining Agreement with the NFL seeking the appointment of a neutral physician to resolve the conflicting opinions, if any, of Drs. Lombardo and Clark.

## CONCLUSIONS OF LAW

■ 1. The federal law developed under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) (1970) establishes a strong policy requiring an employee to first exhaust the grievance procedures established by a collective bargaining agreement before initiating a court action regarding a dispute within the scope of those procedures. *Republic Steel Co. v. Maddox*, 379 U.S. 650, 652–3, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965); *Vaca v. Sipes*, 386 U.S. 171, 184, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967).

■ 2. Technical expiration of the Collective Bargaining Agreement between the National Football League and the National Football League Players' Association subsequent to Plaintiff's selection but prior to his release by the Rams, does not excuse an otherwise existing requirement to exhaust the Collective Bargaining Agreement's grievance procedures. *Nolde Bros., Inc. v. Local 358, Bakery & Confectionary Workers*, 430 U.S. 243, 254–55, 97 S.Ct. 1067, 51 L.Ed.2d 300 (1976).

■ 3. Irrespective of the applicability of the Collective Bargaining Agreement, and assuming it has no application, the failure to exhaust a contractually agreed-upon grievance procedure justifies dismissal of a court action regarding a dispute arguably subject to those procedures under California law. *Charles J. Rounds Co. v. Joint Council of Teamsters No. 42*, 4 Cal.3d 888, 894, 899, 95 Cal.Rptr. 53, 484 P.2d 1397 (1971), *Northcutt Lumber Co. v. Goldeen's Peninsula, Inc.*, 30 Cal.App.3d 440, 106 Cal.Rptr. 353 (1973).