[No. A057651. First Dist., Div. Two. Nov. 22, 1993.]

LAURENCE E. BADGLEY, Plaintiff and Respondent, v.
ARDEN VAN UPP, Defendant and Appellant.

**COUNSEL**

Nossaman, Guthner, Knox & Elliott, Kurt W. Melchior and Alan D. Miller for Defendant and Appellant.

David B. Birenbaum for Plaintiff and Respondent.

**OPINION**

**BENSON, J.**—Defendant Arden Van Upp (Van Upp) appeals from the trial court's judgment in favor of plaintiff Laurence E. Badgley (Badgley). Van Upp raises several contentions on appeal, including the following: (1) the trial court should have sustained her demurrers to Badgley's complaints on the grounds the subject matter of the complaints was subject to contractual arbitration and (2) the trial court's reference of this case to a court commissioner to take all of the evidence was improper. We agree with the second contention and, accordingly, reverse the judgment and remand this case to the trial court for further consideration.

## I.   Factual and Procedural Background

The events leading up to this litigation began over 20 years ago. On July 10, 1973, Van Upp and Badgley entered into an agreement (the Agreement) to purchase residential property located at 2550 Webster Street in San Francisco (the Property) as tenants in common. According to the Agreement, the parties intended "to permit the use of certain rooms in the house by employees, long-term guests, or tenants" and "to use the house (and to permit the use of the house) for parties, gatherings, creative seminars, doctors' offices and such other uses as the parties shall from time to time select." The Agreement provided "[a]ny rents, issues, or profits collected from any person by either party for the use of any portion of the premises shall be divided equally between the parties hereto." The Agreement also set forth a detailed arrangement for the sharing of expenses.

On May 21, 1976, Badgley filed a complaint for damages, for an accounting, and for a receivership based on Van Upp's alleged breach of the Agreement; this action was assigned case No. 706719. For reasons far beyond the scope of this opinion, this litigation has continued to date. Over the course of this 17-year period, Badgley filed 4 other lawsuits against Van Upp relating to the Property, including case No. 745339, which sought injunctive relief and damages for waste and conversion. On June 7, 1979, the trial court consolidated case Nos. 706719 and 745339.

On January 10, 1989, the trial court referred the consolidated action to a court commissioner for the taking of "[a]ll evidence." On a number of different days between April 11, 1989, and December 6, 1990, the commissioner heard evidence in the consolidated action. The evidence was then turned over to the trial court, which rendered a statement of decision and a judgment in favor of Badgley. This timely appeal followed.

## II. DISCUSSION

### A. *The Trial Court Properly Overruled Van Upp's Demurrers.*

█ Van Upp's first contention on appeal is that the parties' dispute should have been submitted to arbitration. She relies on paragraph 30 of the Agreement, which provides "[a]ny controversy between the parties hereto involving the construction or application of any of the terms, covenants, or conditions of this agreement, shall on written request of one party served on the other be submitted to arbitration." According to Van Upp, her trial counsel properly asserted her right to arbitration by serving a written request for arbitration on Badgley and, following his refusal to arbitrate, by demurring to Badgley's complaints in case Nos. 706719 and 745339.[1] We disagree.

Two courts of appeal have held a request to arbitrate may not be raised by way of demurrer. (*Kustom Kraft Homes* v. *Leivenstein* (1971) 14 Cal.App.3d 805, 811 [92 Cal.Rptr. 650]; *Gear* v. *Webster* (1968) 258 Cal.App.2d 57, 59 [65 Cal.Rptr. 255].) In *Charles J. Rounds Co.* v. *Joint Council of Teamsters No. 42* (1971) 4 Cal.3d 888, 899 [95 Cal.Rptr. 53, 484 P.2d 1397], the Supreme Court created an exception to this rule, holding a defendant may demur to a complaint on the grounds the plaintiff has failed to exhaust arbitration remedies "where *the only issue litigated* is covered by the arbitration clause."[2] (4 Cal.3d at p. 899, italics added.) Where the complaint "raises issues not susceptible to arbitration" the defendant "may not merely assert failure to arbitrate an issue as an affirmative defense." (*Ibid.*) Rather, the defendant must demand arbitration and seek a stay of the litigation. (*Ibid.*)

In this case, Badgley's complaints in case Nos. 706719 and 745339 both sought provisional relief, relief that is ordinarily unavailable in arbitration. (See Knight et al., Cal. Practice Guide: Alternative Dispute Resolution (The Rutter Group 1992) Contractual Arbitration, ¶ 4:365, p. 4-66; cf. *Outdoor Services, Inc.* v. *Pabagold, Inc.* (1986) 185 Cal.App.3d 676, 685 [230 Cal.Rptr. 73].) Specifically, the complaint in case No. 706719 sought the appointment of a receiver to protect Badgley's interest in the Property

---

[1] We note Van Upp is represented by different counsel on appeal.

[2] The Supreme Court's opinion in *Rounds* did not address whether an overruled demurrer, standing alone, is sufficient to preserve a defendant's right to arbitration where the defendant actively participates in the litigation without ever again seeking to compel arbitration. The *Rounds* court had no occasion to address this issue because the defendant in that case had sought to compel arbitration of the dispute at least six times during the course of the litigation. (*Charles J. Rounds Co.* v. *Joint Council of Teamsters No. 42, supra,* 4 Cal.3d at pp. 891, 899.) In light of our conclusion Van Upp's demurrers were properly overruled (*post*, pp. 221-222), we need not address the issue either.

pending the outcome of the litigation. Likewise, the amended complaint in case No. 745339 sought a preliminary injunction, an injunction that the trial court granted. Since Badgley's complaints both sought provisional relief that was beyond the authority of an arbitrator to grant, the trial court properly overruled Van Upp's demurrers. In order to preserve her right to arbitration, Van Upp was required to seek a stay of the arbitrable portion of the litigation. (*Charles J. Rounds Co.* v. *Joint Council of Teamsters No. 42, supra,* 4 Cal.3d at p. 899.) Having failed to do so and having continued to litigate this matter for nearly two decades, Van Upp is not in a position to seek arbitration at this late date.[3]

B. *The Manner in Which This Case Was Referred to the Court Commissioner Was Unauthorized and Necessitates a Remand.*

■ Van Upp next complains about the manner in which this case was tried. The crux of her complaint is stated in her opening brief as follows: "All of the evidence in this case was heard by a referee who made no findings. All of the findings were made by a judge who heard none of the evidence." In order to address this contention, we must first review the facts surrounding the reference in this case.

At a trial setting conference on January 10, 1989, following an off-the-record discussion, Judge Williamson made the following remarks: "what the court is going to do in this matter is schedule a hearing before one of the court commissioners and have the commissioner take the testimony, take the evidence, arrange—or ask counsel and Miss Van Upp to arrange to have a court reporter present for that hearing. [¶] And, again, I will have to leave open, since it will depend on what evidence is presented . . . as to whether an accountant or some other assistant to the court would be needed in the matter to handle it from the court's viewpoint. In other words, I make no claims to being an accountant, and if it involves substantial accounting matters, then the court will leave open the question of referring it to an accountant."

At the conclusion of the trial setting conference, Badgley's counsel stated his understanding that the reference was only for the limited purpose of an

---

[3]*Northcutt Lumber Co.* v. *Goldeen's Peninsula, Inc.* (1973) 30 Cal.App.3d 440 [106 Cal.Rptr. 353], relied upon by Van Upp, is distinguishable. There is no indication any provisional relief was sought in that case. Rather, the plaintiff sought damages and attorney fees (*id.* at p. 443), which are traditionally within an arbitrator's power to award. (See, e.g., *Charles J. Rounds Co.* v. *Joint Council of Teamsters No. 42, supra,* 4 Cal.3d at p. 899.) In addition, "[t]he judge who heard the demurrer [in *Northcutt Lumber*] apparently treated it as a request for arbitration." (*Northcutt Lumber Co.* v. *Goldeen's Peninsula, Inc., supra,* 30 Cal.App.3d at p. 445.) There is no indication the trial court in this case treated Van Upp's demurrers as requests for arbitration.

accounting: "following [the hearing before the commissioner], I would assume there would be arrangements to get a written report back to the court, and then we would come for another trial setting, and we eventually would have to have some kind of a hearing on other evidentiary matters. The accounting is one part. There are other parts." (See Code Civ. Proc., § 639, subds. (a) and (b) [nonconsensual special references for "the examination of a long account" and for "the taking of an account"].)[4] Judge Williamson disagreed with counsel's understanding, stating, "this would be for all evidentiary matters, this hearing. I don't want to have counsel or anyone misunderstand. In other words, what I'm requiring in this matter is that all evidence in this case be presented to the commissioner. [¶] In point of fact, the commissioner will take care of rulings on the evidence as it comes in. I will rule on the actual case." The minutes of the trial setting conference confirm the reference as follows: "Court ordered hearing before Commissioner . . . . All evidence . . . to be presented to Commissioner. Court to retain jurisdiction and rule upon on closing argument by counsel."

At the outset of the ensuing evidentiary hearing, Commissioner Gargano described the scope of the hearing as follows: "[the case] has been assigned to myself, Commissioner Gargano, in order to hear the evidentiary facts. I'm not going to make any ultimate decisions in this matter. [¶] The matter will go back to Judge Williamson for, I believe, closing argument and decision. But I will be here to make rulings about the introduction of evidence and to hear the facts as presented." When the commissioner then asked whether counsel were ready to proceed, Van Upp's counsel stated, "Ms. Van Upp is ready to proceed on the accounting. Our understanding is that the purpose of this hearing is a hearing on a long account of accounting between the parties and we are prepared to proceed on those issues." Commissioner Gargano responded, "I believe after consultation with [Judge Williamson], he was of the opinion that this reference would be for the entire matter and only referred back to him for decision. So he does not intend to take any testimony or accounting before himself." Van Upp's counsel then posed the following objection: "Just so the record is clear, Ms. Van Upp objects to any trial in this courtroom beyond the issue of an accounting and a long account and the facts ancillary to that." (See § 639, subds. (a) and (b).) Following this objection, the hearing before Commissioner Gargano commenced. At the conclusion of the hearing, the transcripts and other evidence were forwarded to Judge Williamson, who proceeded to issue a statement of decision and a judgment in favor of Badgley.

In making the reference just described, Judge Williamson did not indicate whether he intended Commissioner Gargano to act as a commissioner

---

[4]All further statutory references are to the Code of Civil Procedure.

(§ 259, subd. (b)), as a referee (§ 640 [court commissioner may act as referee]), or as a temporary judge (§ 259, subd. (e) [court commissioner may act as temporary judge]).[5] Accordingly, we must review the propriety of the reference under all three statutory classifications.

First, Judge Williamson's reference cannot be upheld on the grounds Commissioner Gargano was acting as a commissioner. Section 259, subdivision (b), provides that a commissioner shall have the power to "[t]ake proof and make and report findings thereon as to any matter of fact upon which information is required by the court. Any party to any contested proceeding may except to the report and the subsequent order of the court made thereon within five days after written notice of the court's action. A copy of the exceptions shall be filed and served upon opposing party or counsel within the five days. The party may argue any exceptions before the court on giving notice of motion for that purpose within 10 days from entry thereof. After a hearing before the court on the exceptions, the court may sustain, or set aside, or modify its order." Since Judge Williamson's reference order did not require Commissioner Gargano to "make and report findings," the order cannot be construed as a reference to him in his capacity as commissioner. To hold otherwise would be to deny Van Upp her right "to a decision upon the controverted facts from the judge who heard the evidence." (*Linsk* v. *Linsk* (1969) 70 Cal.2d 272, 279 [74 Cal.Rptr. 544, 449 P.2d 760]; see also *Morgan* v. *United States* (1936) 298 U.S. 468, 481 [80 L.Ed. 1288, 1295, 56 S.Ct. 906] ["The one who decides must hear."].)

Second, Judge Williamson's reference cannot be upheld on the grounds Commissioner Gargano was acting as a referee. Section 638 governs general references to referees and provides, in pertinent part, "[a] reference may be ordered upon the agreement of the parties filed with the clerk, or judge, or entered in the minutes or in the docket . . . . [¶] 1. To try any or all of the issues in an action or proceeding, whether of fact or of law, and to report a statement of decision thereon." Judge Williamson's reference order cannot be construed as a general reference under section 638. "Here, although [Van Upp] apparently did not object to the reference [at the trial setting conference], [she] did not agree to it in writing and therefore did not meet the statutory conditions." (*Aetna Life Ins. Co.* v. *Superior Court* (1986) 182 Cal.App.3d 431, 435 [227 Cal.Rptr. 460].) Moreover, at the outset of the hearing before Commissioner Gargano, Van Upp did expressly object to the reference to the extent it went beyond a special reference for the purposes of an accounting. (See § 639, subds. (a) and (b).) In addition, Judge Williamson's reference order did not require Commissioner Gargano "to report

[5]The remaining subdivisions of section 259, which delineate additional powers assigned to commissioners, are clearly inapplicable.

a statement of decision," as required by section 638. (Cf. *Linsk* v. *Linsk*, *supra*, 70 Cal.2d at p. 279 [right to decision by judge who heard the evidence].) Nor can Judge Williamson's reference be construed as a special reference under section 639. Although this type of reference does not require the parties' consent, it does not permit referral of "all the issues involved in the action" (*Williams* v. *Benton* (1864) 24 Cal. 424, 426), which is precisely what was ordered in this case.

Finally, Judge Williamson's reference cannot be upheld on the grounds Commissioner Gargano was acting as a temporary judge. Article VI, section 21 of the California Constitution provides "[o]n stipulation of the parties litigant the court may order a cause to be tried by a temporary judge who is a member of the State Bar, sworn and empowered to act until final determination of the cause." In this case, the parties did not stipulate to have Commissioner Gargano try the case as a temporary judge. Nor did the reference order contemplate that Commissioner Gargano would be "empowered to act until final determination of the cause." To the contrary, he was expected to turn over the record of the proceedings to Judge Williamson, who was to make the "final determination of the cause."

In short, there was no statutory authorization for the unusual procedure employed in this case, under which Commissioner Gargano heard all of the evidence on everything at issue and then turned over the cold record to Judge Williamson for the purposes of decision. The procedure had the effect of denying Van Upp her right "to a decision upon the controverted facts from the judge who heard the evidence." (*Linsk* v. *Linsk*, *supra*, 70 Cal.2d at p. 279.) Under these circumstances, the ensuing judgment cannot stand.[6]

III. DISPOSITION

The judgment is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

Kline, P. J., and Phelan, J., concurred.

A petition for a rehearing was denied December 17, 1993, and the opinion was modified to read as printed above. Respondent's petition for review by the Supreme Court was denied February 24, 1994.

---

[6]In light of our conclusion the initial reference to Commissioner Gargano was unauthorized, we need not address Van Upp's remaining claims of error.