[No. G030520. Fourth Dist., Div. Three. June 11, 2003.]

DAVID KALAI, Plaintiff and Appellant, v.
TIMOTHY LEE GRAY, Defendant and Respondent.

**Counsel**

Payne & Fears, Benjamin A. Nix and Mark N. Mazda for Plaintiff and Appellant.

Carroll & Werner and David B. Carroll for Defendant and Respondent.

## OPINION

**BEDSWORTH, Acting P. J.**—David Kalai appeals from a judgment entered against him on his claim for damages against Timothy Lee Gray. The trial court granted summary judgment in favor of Gray on the ground that the parties had agreed to submit their dispute to arbitration, and Kalai failed to exhaust that arbitration remedy. Kalai does not challenge the court's basic premise that the parties had an enforceable arbitration agreement, but instead focuses on two more specific issues. First, Kalai asserts the court erred by including in the judgment an express determination that Kalai *waived his right to arbitrate* by filing a lawsuit in court, thus preventing Kalai from litigating the merits of his claim in any forum. Second, Kalai contends the court erred in awarding attorney fees to Gray, despite the fact the parties' agreement provided for such an award only in favor of the "prevailing party to [the] Arbitration."

We agree with Kalai on both counts. A party who enters into a predispute agreement to arbitrate does not waive his right to resort to that forum merely because he first attempts to air his grievance in court. At most, such an effort might lead to a waiver of that party's right to thereafter *enforce the arbitration agreement against an unwilling opposing party*. Moreover, an agreement for the payment of attorney fees must be interpreted in accordance with its terms, without regard to whether it might appear "fair" in a given circumstance. The agreement in this case provides for an award of fees only to the party who prevails in the arbitration. If Gray is that party, then he will be entitled to request his fees at that time. The judgment is reversed and remanded with directions.

Kalai, a homeowner, and Gray, a contractor, entered into an agreement for the construction of improvements on Kalai's home. Their agreement included an arbitration clause, providing in pertinent part as follows: "In entering into this agreement, it is the intent of Owner and Contractor to avoid litigation in the state or federal courts should a dispute arise. Therefore, it is agreed that the exclusive remedy for any dispute between Owner and Contractor to terms of this Agreement or arising out of this agreement, including but not limited to claims such as breach of contract, shall be to submit to binding arbitration before a neutral third party pursuant to the rules of the American Arbitration Association. [¶] . . . [¶] The administrative costs of the Arbitration proceedings shall initially be borne by the party requesting the Arbitration. The prevailing party to such Arbitration proceedings, should there be a prevailing party, shall be entitled to recover from the other all reasonable attorney's fees and costs incurred by said prevailing party in connection with the Arbitration proceedings."

Needless to say in this context, a dispute did arise. However, instead of initiating an arbitration, Kalai filed a complaint against Gray in superior court, alleging negligence, breach of contract and related claims. And Gray, rather than filing a petition to compel arbitration pursuant to title 9 of the Code of Civil Procedure (§ 1280 et seq., hereafter Title 9), filed a motion for summary judgment based upon the arbitration agreement.

Gray's motion was based upon *Charles J. Rounds Co. v. Joint Council of Teamsters No. 42* (1971) 4 Cal.3d 888 [95 Cal.Rptr. 53, 484 P.2d 1397], in which the Supreme Court held that a party faced with a lawsuit filed in contravention of an arbitration agreement may move for summary judgment as an option to filing a petition to compel arbitration pursuant to Title 9. The court explained that the theory underlying such a motion was similar to that of a motion seeking dismissal for failure to exhaust an administrative remedy.

Kalai opposed the summary judgment motion, arguing, among other things, that the arbitration agreement was unenforceable because it did not comply with the statutory requirements for an arbitration provision contained in a contract for residential construction of the type at issue. Gray countered that contention by arguing, without evidentiary support, that Kalai himself had drafted the agreement.

The court granted the summary judgment. Its order stated the reasons for granting the motion were that the parties had entered into an arbitration agreement, and that Kalai had "elected to file a lawsuit . . . rather than to file for arbitration, thereby failing to exhaust his administrative remedy." However, the actual judgment contained an additional finding: "plaintiff *having waived his right to arbitrate against defendant Gray* and having thereby failed to exhaust his administrative remedy, judgment [is] entered in favor of Defendant Timothy Lee Gray and against Plaintiff David Kalai."

Kalai thereafter sought to initiate an arbitration of the dispute with the American Arbitration Association, but Gray filed an objection to the arbitration on the basis that Kalai's claim had already been summarily adjudicated against him in the superior court.

Gray then sought an award of attorney fees in the superior court, based upon the parties' agreement and his status as prevailing party in the litigation. Kalai opposed the motion, pointing out that the parties' agreement allowed such an award only for the prevailing party to the arbitration, which had not taken place. Kalai cited the court to various cases demonstrating that such an attorney fee provision must be enforced only in accordance with its

terms. The court agreed with Kalai's characterization of the fee provision as "very limited," but proceeded to apply what appeared to be an equitable analysis: "You're absolutely right counsel. However, I think the court also needs to look at the conduct of the parties and in so doing I grant the motion for attorneys fees." The court awarded Gray fees in the amount of $8,630.

I

Kalai first argues that the judgment must be reversed because it provides that he has "waived his right to arbitrate against Defendant Gray." He points out that the contention was never advanced factually in Gray's summary judgment motion, and was not supported by any evidence. Gray responds that Kalai's waiver of his right to pursue arbitration was established as a matter of law, merely because he filed this aborted action in court. We are somewhat uncertain what the trial court intended by the "waiver language," but we are clear that it must be stricken.

The argument that a plaintiff might irrevocably waive his right to arbitration by filing an action in court is based upon a statement in *Charles J. Rounds Co.*, in which the court held that a litigant sued in court on a claim governed by arbitration had more than one option to address the problem. "[W]here the only issue litigated is covered by the arbitration clause, and where plaintiff has not first pursued or attempted to pursue his arbitration remedy, it should be held that (1) *plaintiff has impliedly waived his right to arbitrate, such that defendant could elect to submit the matter to the jurisdiction of the court*; (2) defendant may also elect to demur or move for summary judgment on the ground that the plaintiff has failed to exhaust arbitration remedies; and (3) defendant may also elect to move for a stay of proceedings pending arbitration if defendant also moves to compel arbitration. Plaintiff may of course sue preliminarily to enforce its arbitration rights." (*Charles J. Rounds Co. v. Joint Council of Teamsters No. 42, supra,* 4 Cal.3d at p. 899, italics added.)

However, the italicized language relied upon by Gray does not mean what he would like it to. The Supreme Court is merely stating that one option given to defendant when a plaintiff bypasses an arbitration agreement is to treat the act as a waiver and essentially adopt that waiver by itself electing to "submit the matter to the jurisdiction of the court." And by "the matter" the court means the merits of the dispute. The distinct options, for the defendant who does not choose to voluntarily submit the matter to the jurisdiction of the court, is to demur or move for summary judgment on the ground that the plaintiff has failed to exhaust arbitration remedies, or to seek a stay and compel arbitration. In fact, the court expressly denied it was concluding that

the plaintiff in that case was precluded from a subsequent arbitration, the very conclusion Gray so fervently espouses here: "What remedies plaintiff may have to now compel arbitration must await assertion of that right." (*Charles J. Rounds Co. v. Joint Council of Teamsters No. 42, supra,* 4 Cal.3d at pp. 899-900.)

 The Supreme Court later did address the issue it declined to reach in *Charles J. Rounds Co.* In *Doers v. Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180 [151 Cal.Rptr. 837, 588 P.2d 1261], the Supreme Court concluded that the filing of a lawsuit on an arbitrable claim did not waive the right to arbitrate. In that case, an employee had previously sued the employer in federal court, but the action was dismissed for lack of subject matter jurisdiction. When the employee (joined by his union) later sought to compel arbitration of the claim, the employer opposed it, contending the plaintiff had waived the right to arbitrate. The Supreme Court disagreed: "We hold that the mere filing of a lawsuit does not constitute a waiver of the right to arbitrate." (*Id.* at p. 183) The court noted "At the outset, we recognize that several recent Court of Appeal cases have either stated or held that a party waives his contractual arbitration right by merely filing a lawsuit. [Citations.] However, an examination of the case authorities relied upon by these recent cases reveals [ ] only that waiver occurs when the merits of the dispute have been litigated by the parties. [¶] . . . [¶] . . . [I]t is the judicial litigation of the merits of arbitrable issues which waives a party's right to arbitration. . . . Because the arbitrable issues in the instant action were never litigated by the parties in the federal court, we find that appellant Doers did not waive his contractual arbitration rights." (*Id.* at pp. 185-188, italics omitted.)

This case is similar to *Doers,* in that Kalai filed his arbitrable claims in superior court, but never had a chance to *litigate* their merit before dismissal. As in *Doers*, there was no waiver. Moreover, as noted in *Johnson v. Siegel* (2000) 84 Cal.App.4th 1087 [101 Cal.Rptr.2d 412], another case in which a defendant relied upon *Charles J. Rounds Co.*, in an effort to avoid any resolution of the plaintiff's claim, res judicata also does not bar subsequent litigation of claims which were dismissed for reasons other than their merits. (See also *Gorman v. Gorman* (1979) 90 Cal.App.3d 454, 462 [153 Cal.Rptr. 479] ["An order denying a motion or dismissing a proceeding for procedural reasons such as lack of jurisdiction is not res judicata as to the merits of any underlying substantive question."].)[1]

 The other cases relied upon by Gray to bolster his position are likewise unpersuasive. In *24 Hour Fitness, Inc. v. Superior Court* (1998) 66

---

[1]We must also note that *Charles J. Rounds Co.,* is over 30 years old, and its basic premise, that defendants may resort to various procedural options to assert their arbitration rights, might not reflect the current thinking on enforcement of arbitration provisions. As the

Cal.App.4th 1199 [78 Cal.Rptr.2d 533], the plaintiff's written arbitration agreement with her employer provided that " '[t]o start the arbitration process, either party must submit a written arbitration request to the other, within one (1) year of the date the dispute first arose or within one (1) year of the termination of your employment, whichever occurs first. . . .' " (*Id.* at p. 1205, underscoring omitted.) The plaintiff made no attempt to initiate arbitration within the one-year period, and instead "expressly repudiated the arbitration agreement." (*Id.* at p. 1206.) The court held that the parties' dispute was subject to their arbitration agreement and that the plaintiff had waived her right to compel arbitration by not making a *timely* demand.

In *Badgley v. Van Upp* (1993) 20 Cal.App.4th 218 [24 Cal.Rptr.2d 406], the court did not conclude that the plaintiff had waived his right to arbitration by initiating a lawsuit on the arbitrable claim. To the contrary, the court concluded that it was the defendant who had waived her right to enforce the arbitration agreement, because she made no timely attempt to do so. Both parties were left to complete their litigation in court.

In *Martinez v. Scott Specialty Gases, Inc.* (2000) 83 Cal.App.4th 1236 [100 Cal.Rptr.2d 403], the court's analysis of the plaintiff's right to pursue a subsequent arbitration was dictum. The court's only necessary conclusion was that the plaintiff waived his right to appeal the trial court's decision that he was foreclosed from arbitration, because he never disputed the issue in the trial court. It was only after concluding the contention was waived that the court went on to analyze it on the merits. The court concluded, in rather cursory fashion, that plaintiff had waived the right to arbitration, merely

Supreme Court has stated more recently, "Title 9 of the Code of Civil Procedure . . . represents a comprehensive statutory scheme regulating private arbitration in this state. (§ 1280 et seq.)." (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 9 [10 Cal.Rptr.2d 183, 832 P.2d 899].) That scheme includes "procedures for the enforcement of agreements to arbitrate." (*Vandenberg v. Superior Court* (1999) 21 Cal.4th 815, 830 [88 Cal.Rptr.2d 366, 982 P.2d 229].) It occurs to us that allowing an entirely distinct summary judgment procedure, with distinct remedies and consequences, is perhaps inconsistent with the characterization of Title 9 as "comprehensive," and inconsistent with the very specific rights and procedures contained therein.

For example, one of the provisions of Title 9 specifies that when an issue pending in court has been ordered into arbitration, either by that court or another, the litigation shall be *stayed* at the request of any party until the completion of the arbitration. Not dismissed, which is the necessary result of a summary judgment, but stayed. (Code Civ. Proc., § 1281.4.) Title 9 also specifies which arbitration orders are directly appealable, and which must be challenged, if at all, from a final judgment after arbitration. Code of Civil Procedure section 1294 allows a direct appeal from an order denying a petition to compel arbitration, but no appeal from an order compelling it. A summary judgment procedure, by contrast, allows the opposite. A court's decision to enforce an arbitration agreement (and thus to grant summary judgment) is appealable. A decision to deny enforcement would not be appealable because it would not result in a judgment. In light of these inconsistencies, it is not entirely clear that *Charles J. Rounds Co.,* remains good law.

because it had challenged the enforceability of the arbitration clause in court, thus forcing the defendant to incur the expense of adjudicating that issue. We are not convinced that such "prejudice" would be sufficient to support a waiver. ■ Instead, as explained in *Groom v. Health Net* (2000) 82 Cal.App.4th 1189 [98 Cal.Rptr.2d 836], the prejudice necessary to support a waiver of arbitration is found when a party has obtained some advantage by resort to the court system, such as an adjudication of some aspect of the merits, or even access to discovery which would not have been available in the arbitration forum. If the mere incurring of litigation expense were sufficient, *every* plaintiff who unsuccessfully sought to litigate in court would presumably lose the right to arbitrate as well. Under that theory, even the opposition to a petition for arbitration under Title 9 would arguably also constitute a waiver of the right to arbitrate. Such a rule contravenes *Doers,* and we decline to endorse it.

■ In fact, there are compelling policy reasons why a plaintiff should not have to forfeit the right to any remedy simply because it chose to challenge an arbitration agreement. As exemplified in *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83 [99 Cal.Rptr.2d 745, 6 P.3d 669], there are some arbitration agreements that are unconscionable and thus violate, rather than promote, public policy. We could not lend our support to a rule which would allow a plaintiff to challenge enforcement of such an agreement only at the risk of forfeiting the claim to any dispute resolution at all. And of course, there is a strong public policy in favor of litigating disputes on the merits. (*Laguna Village, Inc. v. Laborers' Internat. Union of North America* (1983) 35 Cal.3d 174 [197 Cal.Rptr. 99, 672 P.2d 882].)

We are aware of no other situation in which courts could properly impose a litigation "death penalty" merely because a party chose an improper forum or otherwise committed a curable procedural faux pas. Of course, to the extent a party did so frivolously, or in bad faith, monetary sanctions might be appropriate to address the misconduct. (See, e.g., Code Civ. Proc., §§ 128.5 & 128.7.) But no such misconduct was found in this case, and Kalai should not have been punished for his attempt to litigate the enforceability of the arbitration provision in court.

To the extent the reference to Kalai's "waiver" of arbitration contained in the court's judgment herein was intended to preclude him from thereafter initiating an arbitration of his claims against Gray, it was in error. Kalai did not waive his right to arbitrate merely by filing his claim in court. At most, Kalai *offered* to waive his right to arbitrate, and if that offer had been accepted by Gray, the parties could have pursued the litigation in court by

mutual consent. But Gray did not accept. His motion for summary judgment can only be interpreted as an assertion of his own right to enforce the arbitration provision and his refusal to litigate in court. Under those circumstances, Kalai must pursue his claim, to the extent he still chooses to do so, in an arbitration forum. And Gray must submit to an adjudication in that forum.

## II

Kalai also argues the court erred in awarding attorney fees against him, because the parties' agreement provided for an award of such fees only to the prevailing party in the arbitration. He is correct. In a case like this, in which the parties have offered no extrinsic evidence to aid in the interpretation of their agreement, we review the issue de novo. (*Culligan v. State Comp. Ins. Fund* (2000) 81 Cal.App.4th 429, 434 [96 Cal.Rptr.2d 656] ["We independently interpret a written contract when no extrinsic evidence and related credibility questions were presented below."].)

The parties' agreement allows for an award of fees only in favor of the "prevailing party to [the a]rbitration." Simply put, there has not yet been a prevailing party to the arbitration, because there has not been an arbitration. The clear intent of the parties' provision is that the one who ultimately prevails in a final resolution of their dispute shall be entitled to recover his fees. When there is such a resolution—and if Gray prevails—he will be entitled to recover his fees. Moreover, that recovery could include the fees Gray incurred in the court action, as the scope of recoverable fees is fairly broad, including all fees "incurred by said prevailing party *in connection with* the Arbitration proceedings." (Italics added.)

Gray argues that Kalai's position, advocating adherence to the precise terms of the parties' agreement, is "inequitable." Without putting too fine a point on it, equity is irrelevant. Contracts need not be equitable. A valid oral enforceable contract must be enforced according to its terms. Moreover, the "inequitable" result bemoaned by Gray is nothing more than the traditional "American rule" that each party to litigation must bear his own fees. (*Trope v. Katz* (1995) 11 Cal.4th 274, 278-279 [45 Cal.Rptr.2d 241, 902 P.2d 259]; Code Civ. Proc., § 1021.) While the parties can alter that rule by agreement, as the parties did in this case, there is certainly no public policy that obligates (or even allows) us to expand their agreement to cover situations they did not specify.

Gray also relies upon various cases which held that when the parties' agreement mandated arbitration of disputes, and also included an attorney

fee clause which provided for an award of fees to the prevailing party in a "suit," in "an action at law or in equity" or in "litigation," that clause must be construed as governing fees incurred by the party prevailing in the mandated arbitration. (See *Taranow v. Brokstein* (1982) 135 Cal.App.3d 662, 664 [185 Cal.Rptr. 532]; *Tate v. Saratoga Savings & Loan Assn.* (1989) 216 Cal.App.3d 843 [265 Cal.Rptr. 440]; and *Harris v. Sandro* (2002) 96 Cal.App.4th 1310 [117 Cal.Rptr.2d 910].) We do not disagree with those cases, which rely upon the fundamental premise that a contract must be interpreted, if possible, to give effect to its provisions. (Civ. Code, § 1641.)[2] However, that rule of contractual interpretation does not come into play here. The fee agreement in this case is not in need of interpretation. It is not rendered ineffective by any other provision of the agreement. It is simply limited.

A closer analogy to the cases Gray relies upon might be made if Gray had acquiesced in Kalai's desire to litigate in court, and then prevailed on the merits in that forum. The question then would be whether the parties' agreement providing for fees only for a prevailing party to what was intended to be a mandatory arbitration, could be interpreted to cover a subsequently agreed to court litigation. Of course, we need not decide that question here.

The judgment is reversed and remanded, with directions to delete any reference to Kalai having waived his right to arbitration, and to add instead a provision specifying that Kalai may arbitrate his claim in accordance with the parties' arbitration agreement and that if he chooses to do so, Gray must submit to the jurisdiction of the arbitration forum. The order awarding attorneys fees to Gray is reversed. Kalai is to recover his costs on appeal.

Moore, J., and Fybel, J., concurred.

---

[2]For example, as explained by the court in *Taranow v. Brokstein, supra,* 135 Cal.App.3d 662, "Dr. Taranow's argument would for all practical purposes render meaningless the contractual provision here under consideration. For the agreement provides that any 'controversy or claim' arising out of it 'shall be settled by arbitration.' According to the connotation insisted upon by him, attorney's fees could never be awarded, because a 'suit' to enforce the partnership agreement could never be brought." (*Id.* at p. 667, italics omitted.)