Filed 1/21/15  Century Quality Management v. JMS Air Conditioning etc. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| CENTURY QUALITY MANAGEMENT, INC., <br><br>     Cross-complainant and Respondent, <br><br> v. <br><br> JMS AIR CONDITIONING AND APPLIANCE SERVICE, INC., <br><br>     Cross-defendant and Appellant. | B255326 <br><br> (Los Angeles County <br> Super. Ct. No. BC472126) |

APPEAL from an order of the Superior Court of Los Angeles County, Michael P. Linfield, Judge.  Affirmed.

Law Office of Robert G. Klein and Robert G. Klein, for Cross-defendant and Appellant.

No appearance for Cross-complainant and Respondent.

Century Quality Management Inc. sued JMS Air Conditioning and Appliance Service, Inc. for JMS's allegedly defective performance on a construction project located on University Avenue in Riverside County. Century Quality Management's first amended complaint was dismissed with prejudice. The trial court thereafter denied JMS's motion for attorney fees, ruling JMS had failed to establish the action was based on a contract with an attorney fee provision. JMS appeals from the order denying attorney fees. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *The University Avenue Project*

In May 2008 Notis Enterprises, doing business as L&M Construction, entered into a construction contract with the owner of property at 1820-1860 University Avenue in Riverside, California to build two commercial buildings. L&M was the general contractor; according to JMS, Century Quality Management was the construction manager representing the project owner. L&M and JMS thereafter entered into a series of subcontracts between February 2008 and March 2009 for heating, ventilation and air conditioning work at the University Avenue project. Those subcontracts contained a provision for attorney fees: "Purchaser agrees to pay all costs of collection, including attorney's fees."[1] Century Quality Management is not a party to any of those contracts.

2. *The Initial Lawsuits*

JBT Construction, Inc., another subcontractor on the University Avenue project, sued L&M in Riverside County with respect to a dispute regarding its work on the project. That case was transferred by stipulation to the Los Angeles Superior Court, where it was related to an action brought by JBT for work performed on a different project (in West Hollywood) as to which L&M was also the general contractor. Through a series of cross-complaints, JMS was brought into this action; and L&M and JMS

---

[1] L&M's contract with the project owner and the L&M-JMS subcontracts were included in a request for judicial notice filed by JMS in the trial court. The record on appeal does not reflect any ruling on that motion.

ultimately litigated in a November 2011 bench trial their disputes regarding the University Avenue project (among others), including L&M's claim that JMS had negligently installed fresh air ducts in the interior of the buildings and JMS's claim that L&M had improperly withheld certain payments. JMS prevailed, recovered a monetary judgment against L&M and was awarded attorney fees pursuant to Civil Code section 1717 (section 1717).

### 3. *Century Quality Management's Lawsuit*

Sometime in 2011 Century Quality Management sought leave to file a cross-complaint against JMS in the litigation then pending in superior court. Prior to trial of the L&M-JMS cross claims, the court denied Century Quality Management's motion without prejudice to it filing a separate action to recover damages due to delays in the University Avenue project allegedly as a result of JMS's deficient performance.

On October 24, 2011 Century Quality Management filed its complaint in this action, asserting causes of action against JMS for breach of express warranty, breach of implied warranty, negligence and strict liability, as well as a claim for comparative equitable indemnity seeking an apportionment of liability if any damages were recovered against Century Quality Management in the previously filed lawsuits. The complaint alleged that JMS had performed defective subcontracting work at the University Avenue project and was liable to Century Quality Management for damages it had suffered as a result of those deficiencies. There was no demand for attorney fees. The case was deemed related to the previously filed actions involving L&M.

After its success in the L&M lawsuit, JMS answered the complaint and moved for judgment on the pleadings, arguing Century Quality Management, as the project manager and not a contracting party, had no standing; the claims were barred by res judicata or collateral estoppel; and all claims were precluded by the applicable statutes of limitation. The court did not rule on JMS's motion but instead struck the complaint on its own

3

motion "because it fails to allege facts to support a cause of action." Century Quality Management was granted leave to file an amended complaint.[2]

According to the trial court's subsequent minute order, the first amended complaint "was nearly identical to the original complaint, except for the addition of a footnote on the first page," which addressed the procedural history of the action. JMS demurred to the amended complaint. Rather than sustain the demurrer, the court on its own motion struck the complaint with prejudice as uncertain and for failure to allege facts to support a cause of action and dismissed the action.

4. *The Motion for Attorney Fees; the Trial Court's Order Denying Fees*

Following dismissal of the amended complaint, JMS moved for an award of $13,507.50 in attorney fees pursuant to section 1717, arguing Century Quality Management's complaint sought damages arising out of the written contracts between L&M and JMS for work on the University Avenue project, contracts that contained attorney fee provisions. In a declaration filed in support of the motion, JMS's attorney explained Century Quality Management was the project manager on the University Avenue project and asserted Century Quality Management's lawsuit sought the same relief as L&M had unsuccessfully pursued in the earlier, related action. The declaration attached copies of the contracts between L&M and JMS. Century Quality Management did not file any opposition to JMS's motion.

The trial court denied the motion, ruling JMS had failed to prove the existence of a contract between the parties that provided for attorney fees to the prevailing party in the action. Specifically, the court explained that nothing in the first amended complaint established that Century Quality Management brought the lawsuit under the L&M-JMS contracts—there was no breach of contract claim, and Century Quality Management's pleadings did not support JMS's contention the instant lawsuit was based on the same facts and contracts as the JMS-L&M litigation. (The court also observed that JMS had

---

[2] The case was reassigned in August 2012 and thereafter was not heard by the same judge who had presided at the L&M-JMS bench trial.

failed to present admissible evidence that Century Quality Management was the project manager for the University Avenue project; it had relied solely on the declaration of JMS's counsel without any showing of personal knowledge by the declarant.) "Therefore, it has not been established that plaintiff's action was on a contract, let alone on the contracts mentioned in this motion."

## DISCUSSION

Section 1717, subdivision (a),[3] authorizes the trial court to award reasonable attorney fees to the prevailing party in a contract action if the contract specifically provides for an award of such fees.[4] To ensure mutuality of remedy, section 1717 makes an attorney fee provision reciprocal even if it would otherwise be unilateral either by its terms or in its effect. (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 610; *Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, 128.)

_____

[3] Section 1717, subdivision (a), provides: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs. [¶] . . . [¶] Reasonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit."

[4] An order granting or denying an award of attorney fees is generally reviewed for abuse of discretion. (*Concepcion v. Amscan Holdings, Inc.* (2014) 223 Cal.App.4th 1309, 1319; *Powerhouse Motorsports Group, Inc. v. Yamaha Motor Corp., U.S.A.* (2013) 221 Cal.App.4th 867, 887.) In particular, "[w]ith respect to the *amount* of fees awarded, there is no question our review must be highly deferential to the views of the trial court." (*Children's Hospital & Medical Center v. Bontá* (2002) 97 Cal.App.4th 740, 777; see *PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095 [recognizing trial court's broad discretion in determining amount of reasonable attorney fees because experienced trial judge is in the best position to decide value of professional services rendered in court]; *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1132 [same].) However, we independently determine as a question of law the scope of an attorney fee provision when the interpretation does not turn on extrinsic evidence. (*Kalai v. Gray* (2003) 109 Cal.App.4th 768, 777; *Exxess Electronixx v. Heger Realty Corp.* (1998) 64 Cal.App.4th 698, 705.)

5

As JMS explains, under section 1717's principle of reciprocity, a litigant who defeats a contract claim by demonstrating the contract is inapplicable, invalid, unenforceable or nonexistent is entitled to an attorney fee award if the opposing party would have been entitled to attorney fees under the contract if he or she had prevailed. (*Santisas v. Goodin, supra,* 17 Cal.4th at p. 611; *Hsu v. Abbara* (1995) 9 Cal.4th 863, 870.) However, "[w]here a cause of action based on the contract providing for attorney's fees is joined with other causes of action beyond the contract, the prevailing party may recover attorney's fees under section 1717 only as they related to the contract action." (*Reynolds Metals Co. v. Alperson*, *supra*, 25 Cal.3d at p. 129.)

Although Century Quality Management's first amended complaint contained causes of action for negligence, strict liability and implied equitable indemnity— noncontract claims—JMS is correct that its causes of action for breach of warranty are, in essence, contract claims. (See, e.g., *Chavez v. Glock, Inc*. (2012) 207 Cal.App.4th 1283, 1315 ["[g]enerally, a cause of action for breach of implied warranty requires privity of contract"]; *Blanco v. Baxter Healthcare Cor*p. (2008) 158 Cal.App.4th 1039, 1058-1059 ["'[t]he general rule is that privity of contract is required in an action for breach of either express or implied warranty'"].) Indeed, paragraph 14 of the first amended complaint alleged JMS "breached the express warranties provided in the agreement in that the work provided by [JMS] was not done in a workmanlike manner, and material and workmanship provided by defendant were defective . . . ." Thus, if Century Quality Management had sued JMS for breach of express and implied warranties contained in, or arising from, a contract with an attorney fee provision, as the prevailing party in the litigation JMS would be entitled to its reasonable attorney fees, at least as related to its successful defense of those claims.

As the trial court found, however, JMS failed to carry its burden of proving any such agreement was the basis for Century Quality Management's lawsuit. (See *Khajavi v. Feather River Anesthesia Medical Group* (2000) 84 Cal.App.4th 32, 62-63 [no recovery of attorney fees when plaintiff failed to establish his employment agreement

6

contained attorney fees provision]; *McKenzie v. Kaiser-Aetna* (1976) 55 Cal.App.3d 84, 87 [it is the moving party's burden of proof to establish the jury verdict and judgment in that party's favor is based on a written contract that contains an attorney fee provision]; see generally Evid. Code, § 500.) Because Century Quality Management was remarkably uninvolved in the action it had initiated—it did not oppose JMS's motion for judgment on the pleadings, its demurrer to the first amended complaint or the motion for attorney fees and did not appear at the hearing on any of the motions—all we know about its contract-related claims is the general allegation that JMS's work on the University Avenue project was deficient and breached express warranties "in the agreement." No specific agreement is identified as the basis for those claims; certainly none with an attorney fee provision. As discussed, it was precisely this failure of Century Quality Management to be specific and to allege sufficient facts to support any of its claims that prompted the trial court to strike the pleadings and ultimately to dismiss the action with prejudice.

To be sure, because of the apparent relationship of the various lawsuits involving L&M and the University Avenue project, JMS's contention that Century Quality Management's complaint sought damages arising out of the written contracts between JMS and L&M for subcontracting work on that project is reasonable. But JMS failed to proffer any admissible evidence to establish that crucial point. Although the L&M-JMS subcontracts were included in a request for judicial notice and attached to the motion for attorney fees, the operative pleadings in the action between JMS and L&M were not submitted; neither was Century Quality Management's motion for leave to file the cross-complaint in that earlier lawsuit, a document that very likely would have demonstrated the connection between its warranty claims in the instant case and the contract-related claims at issue in the L&M-JMS litigation. Absent any of that material, however, the trial court was unable to confirm counsel's assertion the Century Quality Management lawsuit was based on the same facts and contracts as that earlier action. Nor was there any admissible evidence concerning Century Quality Management's status or role in the

7

construction of the University Avenue project or its relationship to L&M and the subcontracts to which JMS was a party.

Century Quality Management's overly vague warranty claims and JMS's unsupported factual assertions are simply insufficient to justify an award of attorney fees. (See *Dreyer's Grand Ice Cream, Inc. v. County of Kern* (2013) 218 Cal.App.4th 828, 838 ["'[W]here the issue on appeal turns on a failure of proof at trial, the question for a reviewing court becomes whether the evidence compels a finding in favor of the appellant as a matter of law. [Citations.] Specifically, the question becomes whether the appellant's evidence was (1) "uncontradicted and unimpeached" and (2) "of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding."'"].)

## DISPOSITION

The order denying attorney fees is affirmed. Because Century Quality Management filed no respondent's brief, each party is to bear its own costs on appeal.


PERLUSS, P. J.


We concur:


ZELON, J.


FEUER, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8